**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TONI A. MEDAWIS,**

    **Plaintiff,**

**vs.**                                                                                                       **Civ. No. 07-232 JP/RHS**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

      1.  THIS MATTER comes before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision ("Motion"), filed July 23, 2007 **[Doc. No. 15]**.  Plaintiff, Toni A. Medawis, seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Social Security Disability ("SSD") benefits.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  (Tr.[1] at 5.)  Thus, the Commissioner's decision became final.

      2.  Plaintiff's application for SSD benefits alleges a disability which commenced December 1, 2003 due to diabetic foot ulcer, angioplasty, leg injury, asthma, high blood pressure and depression.  (Tr. at 73).  Plaintiff was born on November 1, 1953 and has completed four or more years of college.  (Tr. at 63, 79).  She has worked in the past as a cut off operator, executive assistant, a child care provider and an employment program specialist.  (Tr. at 74, 93, 112).

      3.  The standard of review in social security appeals is whether the Commissioner's final

---

[1] Tr. = Administrative Transcript.

decision, in this case the ALJ's decision, is supported by substantial evidence.  See Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  See id. (citation omitted).

  4.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Id. at 1486 (citing 42 U.S.C. § 423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  See Thompson, 987 F.2d at 1486 (citing 20 C.F.R. §§ 404.1520(a - f), 416.920) (other citation omitted).  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  See Thompson, 987 F.2d at 1486 (citations omitted).

  5.  At the first four levels of the evaluation, the claimant must show:  (1) that she is not working; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that she is unable to perform work done in the past.  At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work.  Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).  In this case, the ALJ determined that Plaintiff was not disabled at steps four and five of the sequential evaluation process.

  6.  Plaintiff claims that her ability to work is limited because she is "[u]nable to

completely bear weight on r[ight] foot, [and experiences] unsteadiness due to l[eft] leg injury." (Tr. at 73).  Plaintiff also alleges that she has "[d]ifficulty walking or being on my feet" and that "[d]epression and anxiety also became a problem."  (Tr. at 73).  On March 17, 2004, one of Plaintiff's treating physicians, Sohail Qadir, M.D., indicated that Plaintiff was taking the following medications:  Glucophage, Micronase, Albuterol inhaler, Lisinopril, Fluoxetine, Beconase nasal spray, Azmacort and Coumadin.  (Tr. at 125).

7.  Plaintiff raises the following allegations of error with respect to the ALJ's decision: (I)  the ALJ erred at step two in finding that Plaintiff did not have a "severe" mental impairment; (II) the ALJ's finding that Plaintiff can return to her past relevant work is legally erroneous and unsupported by substantial evidence; and (III) the ALJ's findings at step five are not substantial evidence because the VE's testimony was inconsistent with the limitations established by the ALJ.  The Court will address Plaintiff's allegation of error regarding step two first, due to its potential impact on the ALJ's findings at other steps of the sequential evaluation process.

*Whether the ALJ erred at step two*

8.  Plaintiff contends that the ALJ erred in finding that Plaintiff's mental impairment was not severe at step two, because he improperly ignored medical evidence provided by the state agency reviewing psychiatrist, Thomas Tsai, M.D.[2]  Plaintiff further alleges that the ALJ ignored medical records of Dr. Qadir and certain portions of a report by clinical psychologist David J.

---

[2]Dr. Tsai found that due to major depression, anxiety and cannabis abuse, Plaintiff was moderately impaired in her abilities to maintain attention and concentration, accept instruction and respond appropriately to criticism, and respond appropriately to changes in the work setting. (Tr. at 202).  Dr. Tsai also concluded that Plaintiff is capable of "do[ing] unskilled work."  (Tr. at 202).

Berghuis, M.A., L.L.P.[3]  Plaintiff argues that the ALJ failed to consider the findings and opinions of these medical sources as required by Social Security Ruling ("SSR") 96-6p.  See SSR 96-6p (stating that an ALJ may not ignore the opinions of agency medical and psychological consultants and must explain the weight given such opinions).

9.  Although Plaintiff correctly points out that the ALJ failed to discuss the specific limitations described by Dr. Tsai, he did not entirely ignore Dr. Tsai's opinion.  Without identifying Dr. Tsai by name, the ALJ explicitly declined to "adopt the state agency finding that the claimant was limited to unskilled work mentally due to major depression, anxiety and cannabis abuse because claimant was never diagnosed with major depression or anxiety."  (Tr. at 32).  However, the Court need not determine whether the ALJ properly considered Dr. Tsai's findings, because additional evidence submitted to the Appeals Council undermines the ALJ's rationale for rejecting those findings.

*Dr. Mellon's opinion*

10.  After the ALJ issued his decision, Plaintiff submitted to the Appeals Council, *inter alia*, a report of a "mental status consultative examination . . . performed under contract with and with prior authorization from the New Mexico Disability Determination Services (DDS)" by Charles D. Mellon, M.D.  (Tr. at 325-28).  After completing his examination of Plaintiff, Dr. Mellon included in his list of diagnostic impressions, "Major Depression" and "Paranoid Personality Disorder."  (Tr. at 327).  Dr. Mellon further found that Plaintiff's ability to interact with the public, co-workers and supervisors was "moderately limited."  (Tr. at 328).

---

[3]Although Plaintiff refers to the report of "psychologist Berghuis," the report is also signed by licensed consultant psychologist Arthur E. Jongsma, Jr., Ph.D. (Plaintiff's Memorandum in Support of Motion at 9, filed Jul. 23, 2007 **[Doc. No. 16]**; Tr. at 198).

11.  In considering Dr. Mellon's report, the Appeals Council found that it did "not provide a basis for changing the Administrative Law Judge's decision." (Tr. 5-6). The Appeals Council did not explain how it reached this conclusion, and this Court may not speculate as to the reasons for the Appeals Council's decision.  However, because the Appeals Council considered Dr. Mellon's report, it is now "part of the administrative record to be considered [by this Court] when evaluating [the ALJ's] decision for substantial evidence." O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994); accord Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).  Thus, this Court must consider the entire record, including Dr. Mellon's opinion, in reviewing the ALJ's decision.  See Martinez v. Barnhart, 164 Fed.Appx. 725, 732 (10th Cir. January 24, 2006) (not selected for publication in the Federal Reporter).

12.  The ALJ rejected Dr. Tsai's opinion based primarily, if not solely, on his belief that Plaintiff was not diagnosed with major depression or anxiety.  Given Dr. Mellon's diagnosis of major depression, the ALJ's rejection of Dr. Tsai's opinion is based on an erroneous assumption, and thus, neither rests on nor constitutes substantial evidence.[4]  Had Dr. Mellon's report been available to the ALJ, it may have influenced his finding regarding the severity of Plaintiff's mental impairment at step two.  Accordingly, it is appropriate that this case be remanded to the ALJ for consideration of this evidence and further proceedings at step two.

*Remaining allegations of error*

13.  Plaintiff also alleges error regarding the ALJ's decision at steps four and five of the

---

[4]The Appeals Council's receipt and consideration of Dr. Mellon's report implies that such evidence is qualifying new evidence that is chronologically relevant. See, e.g., Burch v. Astrue, 2007 WL 1054280, at *8 (D.Kan. Apr. 4, 2007) (slip copy) (citing Martinez, 444 F.3d at 1207).

sequential analysis. However, because a consideration of the medical evidence described above implicates nearly every step in the sequential analysis, the Court need not address these claims of error. Rather, on remand, the ALJ should proceed as necessary based on any new or changed findings at step two.

*Conclusion*

The Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision **[Doc. No. 15]** be **granted**, and that this matter be remanded to the ALJ for further proceedings consistent with this opinion, to include:

(1) an evaluation of the additional evidence considered by the Appeals Council, including the consultative examination report of Charles D. Mellon, M.D.,

(2) a re-assessment of Plaintiff's impairments at step two, and

(3) additional proceedings in light of any new findings, as necessary.

Timely objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE